# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-214 (DWF/JSM) |
| Plaintiff, | Civil No. 15-3269 (DWF) |
| v. | **ORDER** |
| Arlan Kaleb Schultz, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Arlan Kaleb Schultz's ("Defendant") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 64) and application to proceed without prepayment of fees ("IFP") (Doc. No. 65). The United States of America (the "Government") does not oppose the motion.  (Doc. No. 67.)  For the reasons set forth below, the Court grants Defendant's motion.

## BACKGROUND

On August 21, 2013, a United States grand jury returned a one-count Indictment against Defendant that charged him as a felon in possession of a firearm as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Doc. No. 12.) The felon in possession of a firearm as an armed career criminal charge carries a fifteen-year mandatory-minimum sentence of imprisonment. *See* 18 U.S.C.A. § 924(e)(1).  Defendant was placed in federal custody pursuant to a federal warrant on July 30, 2013, and he remained in federal custody thereafter.  (*See* Doc. No. 67 at 1-2.)

On November 26, 2013, Defendant pleaded guilty to the Indictment, pursuant to an executed plea agreement. (*See* Doc. No. 45.) On May 14, 2014, the United States Probation Office issued the final presentence report ("PSR"). (*See* Doc. No. 67 at 1-3.) The PSR found that Defendant had three prior qualifying predicate convictions for a violent felony: (1) simple robbery on January 16, 2008; (2) third-degree burglary on September 16, 2009; and (3) fleeing a peace officer in a motor vehicle on December 21, 2010. (*See id.*) The PSR found that because the defendant qualified for an enhanced sentence as an armed career criminal, Defendant had a total offense level of 31 with a criminal history category of VI. (*See id.*) As a result, Defendant was subject to an effective advisory Guidelines' range of 188 to 235 months' imprisonment. (*See id.*)

The PSR's addendum noted Defendant's objection to the armed career criminal designation. (*See id.*) Absent a designation as an armed career criminal, Defendant's total offense level would be 25, with a criminal history category of VI, resulting in an effective advisory Guidelines range of 110 to 120 months' imprisonment. (*See id.*)

On July 25, 2014, this Court sentenced Defendant to 188 months' imprisonment in accord with the plea agreement. (Doc. Nos. 58, 59.) Defendant did not file a direct appeal from his sentence or conviction.

On August 13, 2015, Defendant filed a timely *pro se* § 2255 habeas petition, challenging his designation as an armed career criminal based on the ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and seeking to correct his sentence. (Doc. No. 64.) Specifically, Defendant asserts that his prior conviction for fleeing a

2

peace officer in a motor vehicle no longer qualifies as a predicate "violent felony" under the Armed Career Criminal Act ("ACCA") because it only qualified as such under the now invalid residual clause.   Defendant requests that his case be remanded for resentencing without the armed career criminal sentencing enhancement.  The Government essentially agrees with Defendant and states that "[b]ecause the record shows that the defendant is eligible for, and should receive, initial Section 2255 relief from his sentence, this Court should grant the defendant's petition and set the matter for a resentencing hearing." (Doc. No. 67 at 1.)

## DISCUSSION

Under 28 U.S.C. § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  A prisoner can properly challenge an "erroneous designation as an armed career criminal under the ACCA" through a § 2255 petition.  *See United States v. Newbold*, 791 F.3d 455, 459-60 (4th Cir. 2015).

On June 26, 2015, the United States Supreme Court issued its decision in *Johnson*.  *See Johnson*, 135 S. Ct. 2551.  The Court held that the ACCA's residual

clause[1] is unconstitutionally vague and therefore violates due process of law. *See Johnson*, 135 S. Ct. at 2563. Thus, the imposition of an increased sentence based on an offense identified under the "residual clause" is not proper. *See id.* New substantive rules are retroactively applicable. *See Martin v. Symmes*, 782 F.3d 939, 942 (8th Cir. 2015). *Johnson's* impact is substantive and is therefore retroactively applicable. *See id.* The Court therefore considers *Johnson's* impact on the instant case.

Here, under *Johnson*, the use of Defendant's conviction for fleeing a police officer in a motor vehicle to establish his designation as an armed career criminal was based solely upon the application of the "residual clause," which no longer stands. *See id.* Applying the "residual clause," Defendant's total offense level was determined to be 31, with a criminal history category of VI, and the Court agreed to the imposition of a sentence with a mandatory minimum of 15 years' imprisonment. However, without the use of the "residual clause," Defendant's offense level would have been 25, with a criminal history category of VI, which would have resulted in a mandatory minimum of 10 years' imprisonment. As a result, Defendant's sentence enhancement as an armed career criminal should be corrected in light of and consistent with the Supreme Court's

---

[1] The term "residual clause" is described by the Supreme Court in *Johnson*, 135 S. Ct. 2551, as follows:
> The [ACCA] defines "violent felony" as follows: "any crime punishable by imprisonment for a term exceeding one year . . . that— . . . (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the [ACCA]'s residual clause.

ruling in *Johnson*, 135 S. Ct. 2551. Defendant is eligible for, and should receive, initial § 2255 relief from his sentence.

In sum, based on the above, the Court finds that Defendant's requested relief is warranted, Defendant's petition should be granted, and this matter should be scheduled for a resentencing hearing.

With regard to Defendant's Application to Proceed without Prepayment of Fees ("IFP application"), the Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). No fee is required, however, to file a § 2255 petition. *See, e.g.*, *United States v. Benson*, Civ. No. 13-1935, 2014 WL 1478438, at *1 n.1 (D. Minn. Apr. 16, 2014). As a result, Defendant's application is denied as moot.

Accordingly, based upon the submissions of the parties, the Court having carefully reviewed the sentence and the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Arlan Kaleb Schultz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence (Doc. No. [64]) is **GRANTED**.

2. Defendant Arlan Kaleb Schultz's Application to Proceed Without Prepayment of Fees (Doc. No. [65]) is **DENIED AS MOOT**.

3. The Court will appoint counsel for Defendant Arlan Kaleb Schultz for resentencing.

4. The Court will set a date for resentencing consistent with this Order.

Dated:  October 7, 2015              s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge